## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **BUILD BY OWNER, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | NO. ___1:16-CV-00557___ |
| | § | |
| **CUSTOM HOME BUILDERS OF** | § | |
| **CENTRAL TEXAS INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF BUILD BY OWNER, LLC'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Build By Owner, LLC ("Plaintiff"), and files this Original Complaint against Defendant Custom Home Builders of Central Texas Inc. ("Defendant") and alleges as follows:

### I.  INTRODUCTION

1.    This is an action at law and in equity for trademark infringement, false designation of origin, misappropriation and unfair competition under federal and state laws brought by Plaintiff against Defendant, a direct competitor in the building construction consultation market.  Defendant's use of a substantially identical and therefore confusingly similar trademark has intentionally infringed the distinctive, established, and recognized trademark associated with Plaintiff's building construction consultation services.  Defendant's actions are a deliberate attempt to compete unfairly, cause confusion in the marketplace, pass off and improperly capitalize on the public's recognition of Plaintiff's distinctive trademark.

2.    Plaintiff seeks injunctive relief, damages, an accounting of profits, statutory treble damages, costs, attorneys' fees, punitive and exemplary damages based on Defendant's

intentional, willful, and malicious infringement and related misconduct.  Plaintiff brings these claims under federal and state laws, namely: the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)); Texas common law for trademark infringement, unfair competition, passing-off, and misappropriation.

## II.  PARTIES

3.    Plaintiff Build By Owner, LLC is a Texas limited liability company with its principal place of business at 8214 FM 517 Rd. W., Dickinson, Texas 77539.

4.    Upon information and belief, Defendant Custom Home Builders of Central Texas Inc. is a Texas corporation with its principal place of business at 400 Grassland Lane, Georgetown, Texas 78628, and may be served with process by serving its registered agent, Jeff W. Walling, at 515 Meadowbrook Dr., Georgetown, Texas 78628.

## III.  JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over the federal trademark claims pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

6.    This Court has personal jurisdiction over the Defendant because the Defendant has established minimum contacts with the forum state of Texas in that, upon information and belief, Defendant, is a Texas corporation located in Georgetown, Texas; regularly solicit, transact, and engage in business in Texas, including the Western District of Texas; derive substantial revenue from sales of products and services in Texas, including the Western District of Texas; and have caused Plaintiff's injuries alleged herein from its acts within or directed toward Texas and the Western District of Texas.  Thus, Defendant has purposefully availed

themselves of the benefits of the state of Texas and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

7.     Venue is proper in this Court over Defendant pursuant to 28 U.S.C. § 1391 because upon information and belief, Defendant is subject to personal jurisdiction in this district and/or a substantial part of the events giving rise to the claims in the action occurred within this district.

## IV.  FACTS COMMON TO ALL COUNTS

8.     Long prior to the acts of Defendant complained of herein, Plaintiff has been in the business of building construction consulting services ("Plaintiff's Services") in the State of Texas and elsewhere in interstate commerce since at least as early as 2006.

9.     Long prior to the acts of Defendant complained of herein, Plaintiff has continuously sold, offered for sale, marketed, advertised and promoted its building construction consulting services under the trademark BUILD AT COST ("Plaintiff's Mark") in the State of Texas and elsewhere in interstate commerce since at least as early as 2008.

10.     Plaintiff has invested considerable resources to develop and foster the reputation, recognition and goodwill associated with its services provided under the Plaintiff's Mark. Plaintiff's efforts include extensive advertising and promotional efforts along with retaining such goodwill by maintaining Plaintiff's commitment to quality and reliability.

11.     Plaintiff's services offered under the Plaintiff's Mark have attained considerable commercial success.  Since 2008, Plaintiff has achieved considerable sales for its services provided under the Plaintiff's Mark.  Thus, the Plaintiff's Mark is a valuable asset and symbol of goodwill for and in connection with Plaintiff's business and commercial activities.

12.     As a result of Plaintiff's substantial and continuous sales, advertising and promotional activities in the State of Texas and elsewhere in interstate commerce, the Plaintiff's Mark is widely recognized as a source indicator by the general public, who exclusively associate the Plaintiff's Mark with Plaintiff.

13.     Plaintiff owns U.S. Trademark Registration No. 4,715,392, registered on the Principal Register, for the Plaintiff's Mark.  Said registration is valid, subsisting and in full force and effect.  Pursuant to 15 U.S.C. § 1057(b), such registration constitutes *prima facie* and/or conclusive evidence of Plaintiff's exclusive right to use its registered mark in connection with the services covered by the registration.  A true and correct copy of the registration certificate is attached as Exhibit A.

## DEFENDANT'S INFRINGING ACTIVITIES

14.     Upon information and belief, Defendant is in the business of providing building construction consulting services ("Defendant's Services").

15.     Upon information and belief, notwithstanding Plaintiff's well-established rights in and to Plaintiff's Mark and with constructive and/or actual knowledge of same, Defendant commenced use of the mark TEXAS BUILD AT COST ("Defendant's Mark") to advertise and provide Defendant's Services in direct competition with Plaintiff.  An example of such use is attached hereto as Exhibit B.

16.     Defendant's Mark and Defendant's Services are identical or virtually identical to Plaintiff's Mark and Plaintiff's Services.

17.     Upon discovery of Defendant's adoption and use of an identical or virtually identical trademark for Defendant's Mark, Plaintiff placed Defendant on actual notice of Plaintiff's rights in Plaintiff's Mark and Defendant's alleged infringement of such rights via a

cease and desist letter dated January 11, 2016, and a subsequent cease and desist letter dated February 17, 2016.  Both of these notice letters were successfully delivered to the Defendant's address, but Defendant did not provide a response to either letter.

18.     Despite Defendant's actual notice of Plaintiff's trademark rights, Defendant continues to use the Defendant's Mark to advertise Defendant's Services.

19.     Upon information and belief, Defendant willfully designed and/or adopted Defendant's Mark with the intent to copy and imitate the Plaintiff's Mark.  Defendant took these actions to capitalize on the substantial goodwill and reputation built by Plaintiff in connection with Plaintiff's Services, to confuse consumers into believing that there is an association between Defendant's Services and Plaintiff's Services, and/or to compete unfairly with Plaintiff.

20.     Plaintiff has never authorized, licensed, or otherwise approved Defendant to use Plaintiff's Mark or any other intellectual property rights.

21.     Defendant competes directly with Plaintiff, and its services are sold and marketed in the same channels of trade.

22.     At all relevant times herein, Defendant had the right and ability to supervise and/or control the infringing conduct complained of herein, and had derived substantial financial and other benefits from such conduct.

23.     The Plaintiff's Mark was in use in the State of Texas and elsewhere in interstate commerce, and was distinctive, before Defendant began offering its services under the Defendant's Mark.

24.     Defendant's use of a confusingly similar trademark for its services is likely, if not certain, to cause confusion as to the source of Defendant's Services.  Customers, potential customers and the general public will erroneously believe that Defendant's Services and any

5

other products or services bearing the Defendant's Mark emanate from, are licensed by, or otherwise approved by Plaintiff.  Any dissatisfaction with the Defendant's products or services will negatively reflect upon and irreparably damage the reputation and goodwill of Plaintiff as embodied in the Plaintiff's Mark.

25.     Defendant's unauthorized use of Defendant's Mark enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense over years by Plaintiff, and to gain acceptance for their services not solely on their own merits, but on the reputation and goodwill of Plaintiff and the Plaintiff's Mark.

26.     Defendant has been and will continue to be unjustly enriched by obtaining a benefit from and taking undue advantage of Plaintiff and its goodwill.  Specifically, Defendant has unfairly competed against and taken undue advantage of Plaintiff by trading on and profiting from the goodwill in the Plaintiff's Mark developed and owned by Plaintiff, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and services.

27.     Defendant's unauthorized use of Defendant's Mark removes from Plaintiff the ability to control the nature and quality of services provided under its own Plaintiff's Mark, and places the valuable reputation and goodwill of Plaintiff in the hands of the Defendant, over which Plaintiff has no control.

28.     Defendant's use of Defendant's Mark is causing immediate and irreparable harm to Plaintiff's goodwill and business reputation, and such conduct will continue to the irreparable harm of Plaintiff unless enjoined by this Court.

29.     Defendant's wrongful acts are in bad faith and have been committed willfully, intentionally and maliciously, making this an exceptional case and entitling Plaintiff to recover its costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### V.  COUNT ONE
**(Federal Trademark Infringement – 15 U.S.C. § 1114)**

30.     Plaintiff incorporates as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

31.     Defendant's actions constitute federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32.     By its actions, Defendant has, without Plaintiff's consent, used in commerce reproductions, counterfeits, copies or colorable imitations of Plaintiff's registered trademark in connection with the sale, offering for sale, distribution, and/or advertising of services, such use being likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship or approval of Defendant's services with those of Plaintiff in the minds of the public.

33.     By its actions, Defendant has infringed the Plaintiff's Mark, which is currently registered on the Principal Register in the United States Patent and Trademark Office under U.S. Trademark Registration No. 4,715,392.

34.     As a direct and proximate result of Defendant's actions, Plaintiff and the public have been and will continue to be irreparably damaged unless Defendant is enjoined by this Court from using Defendant's Mark, or any similar trademark which is confusingly similar to the Plaintiff's Mark, to identity Defendant's Services.  Plaintiff has no adequate remedy at law.

35.     Plaintiff seeks injunctive relief prohibiting Defendant from utilizing Defendant's Mark, or any similar trademark which is confusingly similar to the Plaintiff's Mark, to identity Defendant's Services.  Plaintiff also seeks actual damages, an accounting of Defendant's profits,

costs, and attorneys' fees.  In the alternative, Plaintiff is entitled to recover damages in such sums as this Court may find just according to the circumstances of the case.

36.    Upon information and belief, Defendant's actions are in bad faith, and have been committed willfully, intentionally, deliberately, maliciously and with knowledge of the unauthorized nature of the goods they are offering, so that this is an exceptional case for which Plaintiff is entitled to treble damages and attorneys' fees, as well as punitive or exemplary damages to be proved at trial.

## VI.  COUNT TWO
### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

37.    Plaintiff incorporates as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

38.    Defendant's actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39.    By its actions, Defendant has, without Plaintiff's consent, used in commerce a word, term, name, symbol, device, or any combination thereof, including, without limitation, the Plaintiff Mark, which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection and/or association of Defendant with Plaintiff, and/or as to the origin, sponsorship, and/or approval of Defendant's Services by Plaintiff.

40.    Defendant's commercial advertising or promotional activities using Defendant's Mark misrepresent the nature, characteristics, qualities, and/or geographic origin of Defendant's goods, services, or commercial activities.

41.    Upon information and belief, Defendant willfully, intentionally and maliciously adopted a confusingly similar trademark with the express intent to confuse, mislead, or deceive

8

the public as to the origin of Defendant's Services.  Defendant's bad faith is evidenced at least by the substantial similarity of the Defendant's Mark to the Plaintiff's Mark.

42.     As a direct and proximate result of Defendant's actions, Plaintiff and the public have been and will continue to be irreparably injured and damaged unless Defendant is enjoined by this Court from using Defendant's Mark, or any similar trademark which is confusingly similar to the Plaintiff's Mark, to identity Defendant's Services.  Plaintiff has no adequate remedy at law.

43.     Plaintiff seeks injunctive relief prohibiting Defendant from utilizing Defendant's Mark, or any similar trademark which is confusingly similar to the Plaintiff's Mark, to identity Defendant's Services.  Plaintiff also seeks actual damages, an accounting of Defendant's profits, costs, and attorneys' fees.  In the alternative, Plaintiff is entitled to recover damages in such sums as this Court may find just according to the circumstances of the case.

44.     Upon information and belief, Defendant's actions are in bad faith, and have been committed willfully, intentionally, deliberately, maliciously and with knowledge of the unauthorized nature of the products and services they are offering, so that this is an exceptional case for which Plaintiff is entitled to treble damages and attorneys' fees, as well as punitive or exemplary damages to be proved at trial.

## VII.  COUNT THREE
### (Texas Common Law Trademark Infringement)

45.     Plaintiff incorporates as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

46.     Defendant's actions constitute trademark infringement under the common law of the State of Texas.

47.     As described above, Plaintiff is the owner of the Plaintiff's Mark which is distinctive and has acquired a secondary meaning with consumers, and serves as a source indicator for the consuming public, who exclusively associate said trademark with the Plaintiff. The primary significance of the Plaintiff's Mark is to indicate Plaintiff as the source of its services.

48.     Defendant's actions were done without the consent of Plaintiff, and Defendant's Mark is substantially identical to the Plaintiff's Mark so that, when used for directly competing services, it is likely to create confusion, mistake or deception as to the origin, sponsorship or approval of Defendant's Services with those of Plaintiff.

49.     As a direct and proximate result of Defendant's actions, Plaintiff and the public have been and will continue to be irreparably damaged unless Defendant is enjoined by this Court from using Defendant's Mark, or any similar trademark which is confusingly similar to the Plaintiff's Mark, to identify its services.  Plaintiff therefore seeks injunctive relief preventing Defendant from using Defendant's Mark, or any confusingly similar trademark, to identify its services.  Plaintiff also seeks damages, an accounting of Defendant's profits, costs, and attorneys' fees.  Plaintiff has no adequate remedy at law.

50.     Upon information and belief, Defendant's actions were in bad faith and committed willfully, intentionally and maliciously by Defendant, thereby entitling Plaintiff to punitive or exemplary damages to be proved at trial.

### VIII.  COUNT FOUR
### (Texas Common Law Unfair Competition and Passing Off)

51.     Plaintiff incorporates as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

10

52.     Defendant's actions constitute unfair competition and passing off under the common law of the State of Texas.

53.     As described above, Plaintiff is the owner of the Plaintiff's Mark which is distinctive and has acquired a secondary meaning with consumers, and which serves as a source indicator for the general public who exclusively associate said trademark with Plaintiff. The primary significance of the Plaintiff's Mark is to indicate Plaintiff as the source of its services.

54.     Defendant's unauthorized use the Defendant's Mark in commerce and in connection with the sale or promotion of Defendant's Services has caused and is likely to continue to cause confusion, mistake or deception on the behalf of the general public as to the affiliation, connection or association of Defendant with Plaintiff, or as to the source, approval or sponsorship of Defendant's Services by Plaintiff. Defendant's wrongful acts are a deliberate attempt to pass off its services as those of Plaintiff. Defendant is passing off its services as those of Plaintiff by virtue of the substantial similarity of the Defendant's Mark as compared to the Plaintiff's mark, on services which are in direct competition with the Plaintiff, and thereby causing confusion on the part of the public.

55.     As a direct and proximate result of Defendant's acts of unfair competition, Defendant has been unjustly enriched and Plaintiff has sustained damages in an amount to be determined at trial. As well as harming the public, Plaintiff has also suffered irreparable injury as a result of Defendant's actions and will continue to be irreparably harmed unless such actions are enjoined as proscribed by Texas law. Plaintiff has no adequate remedy at law.

56.     Upon information and belief, Defendant's actions were in bad faith and committed willfully, intentionally and maliciously by Defendant, thereby entitling Plaintiff to punitive or exemplary damages to be proved at trial.

## IX.  COUNT FIVE
### (Texas Common Law Misappropriation)

57.     Plaintiff incorporates as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

58.     Defendant's actions constitute misappropriation under the common law of the State of Texas.

59.     Plaintiff's distinctive trademark, and the significant goodwill it has acquired, was created through the substantial expenditure of time, labor, skill, and money by Plaintiff, and constitutes a unique pecuniary interest of Plaintiff.

60.     Defendant's intentional and unauthorized use in commerce of a reproduction, counterfeit, copy or colorable imitation of the Plaintiff's Mark, in connection with the sale or promotion of Defendant's Services which are in direct competition with Plaintiff, gives Defendant a special advantage because it was not burdened with the expense and effort incurred by Plaintiff in creating said trademark, nor was it required to sacrifice the enormous investment required to accumulate the significant goodwill obtained and enjoyed by Plaintiff relating to the Plaintiff's Mark.

61.     As a direct and proximate result of Defendant's intentional wrongful acts of misappropriation of the time, labor, skill and money that Plaintiff invested in developing its trademark and the significant goodwill associated therewith, Plaintiff has been and will continue to be commercially damaged.   Plaintiff has also suffered irreparable injury as a result of Defendant's actions and will continue to be irreparably harmed unless such actions are enjoined as proscribed by Texas law.  Plaintiff has no adequate remedy at law.

62.    Upon information and belief, Defendant's actions were in bad faith and committed willfully, intentionally and maliciously by Defendant, thereby entitling Plaintiff to punitive or exemplary damages to be proved at trial.

## X.  JURY DEMAND

63.    Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## XI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court find in favor of Plaintiff, and against Defendant, and grant Plaintiff the following relief:

A.    That Defendant and Defendant's officers, agents, servants, attorneys, employees, any companies owned or controlled by Defendant, and their affiliates, successors and assigns, and all of those in active concert or participation with any of them who receive notice directly or otherwise, be preliminarily and permanently enjoined and restrained from using any mark that is confusingly similar to the Plaintiff's Mark, or any other symbols or indicia associated with Plaintiff and/or confusingly similar to the Plaintiff's Mark, or likely to dilute the distinctiveness thereof, or any copies, reproductions, simulations, variations, mutilated versions, or colorable imitations thereof (all of the foregoing, "Prohibited Designations"), as, or as part of, a trademark, service mark, trade dress, trade name, logo, slogan, business name, fictitious business name, domain name, or other identifier, or otherwise presenting such Prohibited Designations to the public or trade, including any further manufacture, sale, promotion or offering of products and services under the Defendant's Mark; or engaging in unfair competition, passing off, misappropriation, or injuring the business reputation of Plaintiff, or any other conduct that tends to falsely represent, or is likely to confuse, mislead, or deceive members of the public to believe

that Defendant's products and services are connected with, sponsored, approved, or licensed by, or are in some way connected or affiliated with Plaintiff.

B.      That Defendant be ordered to deliver up for destruction, at Defendant's cost, any and all literature, prints, labels, Internet content, advertising, or sales promotional materials, and all prints, mechanicals, plates, or means used to reproduce such items, bearing Defendant's Mark, or any other trademark which is confusingly similar to the Plaintiff's Mark, in the possession, custody or under the control of Defendant;

C.      That Defendant be required to account for and pay over to Plaintiff all damages sustained by Plaintiff and all profits realized by Defendant by reason of its acts alleged herein, plus prejudgment and post-judgment interest, and that such amounts be trebled or increased as provided by 15 U.S.C. § 1117(a), and all other laws and statutes affording such relief;

D.      That Defendant be required to pay to Plaintiff all of Plaintiff's costs of this suit, disbursements and reasonable attorneys' fees in this action, as provided by law for exceptional cases, including 15 U.S.C. § 1117(a), Tex. Civ. Prac. & Rem. Code § 38.001 *et seq.*, and all other laws and statutes affording such relief;

E.      Since Defendant's actions were in bad faith and committed willfully, intentionally and maliciously by Defendant, and to deter such conduct in the future, that Plaintiff be awarded punitive or exemplary damages from Defendant by reason of its acts alleged herein;

F.      That Defendant be required to file with the Court and serve upon Plaintiff's counsel of record within thirty (30) days after entry of any injunctive relief herein, a written report under oath setting forth in detail the manner and form in which Defendant has complied with the requirements of the aforementioned orders; and

G.     An award to Plaintiff of all such other and further relief that this honorable Court deems just and equitable.

Dated:   May 9, 2016          Respectfully submitted,

                              Kennedy Little & Burns PLLC

                       By:    _____
                              Neal A. Kennedy
                              Texas Bar No. 11295100
                              100 Avenue H, Suite 103
                              Marble Falls, Texas 78654
                              Phone: (830) 798-8311
                              Fax: (830) 693-4455
                              Email: neal@klblawfirm.com

                              *Attorney-in-Charge for Plaintiff*
                              *Build By Owner, LLC*

OF COUNSEL:

CRAFT CHU PLLC
L. Jeremy Craft
Texas Bar No. 24031981
1445 North Loop West, Suite 410
Houston, Texas 77008
Phone: (713) 802-9144
Fax: (866) 707-7596
Email: jcraft@craftchu.com